FILED: 7/9/2015 10:10:47 AM
SHERRI ADELSTEIN
Denton County District Clerk
By: Shelley Mccutcheon, Deputy

CAUSE NO. 15-05727-362 _____

| | | |
|---|---|---|
| LIBERTY INSURANCE CORPORATION as Subrogee of Curt and Julia Richmond, | § § § § | DISTRICT COURT OF |
| Plaintiff, | § § | |
| V. | § § | DENTON COUNTY, TEXAS |
| TITEFLEX CORPORATION | § § § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURES

COMES NOW Plaintiff, Liberty Insurance Corporation as subrogee of Curt and Julia Richmond, in the above-entitled cause and files this its Petition against Titeflex Corporation and for its causes of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY

1. Discovery in this cause is requested to be conducted under Level III, pursuant to Texas Rule of Civil Procedure 190.4.

### II.
### THE PARTIES

2. Plaintiff, Liberty Insurance Corporation ("Liberty") is an insurance company existing under the laws of the State of Illinois. Liberty Insurance Corporation was and is authorized to transact business of insurance in the State of Texas. Liberty is the real party in interest having made payments to its insured, Curt and Julia Richmond, pursuant to Liberty's policy of insurance. Liberty Insurance Corporation is legally and equitably subrogated to certain rights of Curt and Julia Richmond to the extent of Liberty's payments. Liberty's principal place of business is located at 175 Berkeley Street, Boston, MA 02116.

3. Plaintiff's insureds, Curt and Julia Richmond, are citizens of the State of Texas and the owners of the property located at 2614 Round Table Blvd., Lewisville, Denton County, TX 75056. (hereinafter "the Richmond Residence"), which is the subject of this action.

4. Defendant, Titeflex Corporation ("Titeflex"), is a foreign corporation organized and existing under the laws of the State of Connecticut, with a principal place of business located at 603 Hendee Street, Springfield, Massachusetts 01104. At all times relevant hereto, Titeflex was engaged in the business of manufacturing and distributing, *inter alia*, first generation corrugated stainless steel tubing ("CSST") under the product name "Gastite." Titeflex engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas. Therefore, pursuant to TEX. CIV. PRAC. & REM. CODE §§ 17.044 and 17.045, Defendant Titeflex may be served by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701 who may serve a copy of this Petition and Citation on Defendant Titeflex as follows:

> William T. Smith, President
> Titeflex Corporation,
> 603 Hendee St.
> Springfield, Massachusetts 01104

Plaintiff requests citation be issued at this time.

### III.
### JURISDICTION AND VENUE

5. The Court has jurisdiction over Defendant Titeflex, a non-resident, because Titeflex has purposefully availed itself of the privileges and benefits of conducting business in Texas by repeatedly shipping its products to Texas. *See Spa Giacomini v. Lamping*, 42 S.W.3d 265, 273 (Tex. App. – Corpus Christi 2001, no pet.).

6. Venue is proper in Denton County, Texas under the general venue rule because all or a substantial part of the acts or omissions occurred in Denton County, Texas, and because the

property damaged is located in Denton County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(j).

7. Plaintiff would show that it has incurred damages in excess of $200,000.00 but less than $1,000,000.00.

8. Plaintiff would further show that the adjustment of the claim is not yet completed and that damages are ongoing at this time.

## IV
## FACTS

9. At all times material hereto, Liberty's insureds, Curt and Julia Richmond (hereinafter "Richmond"), owned and resided at the Richmond Residence.

10. At all times material hereto, Liberty had in full force and effect a policy of insurance issued to Richmond that covered, among other things, damage to real and personal property, and temporary living expenses.

11. At all times material hereto, Titeflex designed, manufactured, distributed, and sold yellow jacketed Gastite corrugated stainless steel tubing ("CSST) for use in the distribution of natural gas in various types of residential natural gas systems including the Richmond Residence.

12. On or about May 17, 2015, the Richmond Residence was severely damaged by fire when lightning induced energy on the metallic components of the Richmond Residence including, but not limited to, the gas distribution system ("the May 17, 2015 fire"). Specifically, the lightning-induced energy created a hole in the Gastite CSST which allowed gas to escape and ignite.

13. Defendant Titeflex's improper design, manufacture, and marketing of the Gastite CSST used in the construction of the Richmond Residence was the sole proximate cause or a contributing cause of the May 17, 2015 fire at the Richmond Residence.

14. As a result of the fire, Richmond made a claim to Liberty pursuant to a policy of insurance, and Liberty has reimbursed Richmond for his claims in an amount in excess of $500,000.00. As such, Liberty is legally, equitably and contractually subrogated to the claims of Richmond against any responsible third parties, including Defendant Titeflex.

## V.
## ALLEGATIONS AGAINST TITEFLEX

### A. STRICT PRODUCTS LIABILITY

15. Plaintiff hereby incorporates and re-allege by reference Paragraphs 1 through 22 as if fully stated herein.

16. The first generation Gastite CSST, which is the basis of Plaintiff's lawsuit, contained both design and marketing defects, as described more particularly above and below, at the time it left TiteFlex's care, custody and control.

17. *Design Defect* – The first generation Gastite CSST is defective in its design due to its inability to withstand, safely conduct and dissipate all currents which were likely to be imposed. Defendant Titeflex knew that the thin metal walls of the first generation CSST product were vulnerable when exposed to foreseeable electrical force, such as the fault current generated by a common utility line failure. Defendant Titeflex knew or should have known that there was an unreasonable risk of harm in the intended or reasonably foreseeable use of the first generation CSST product which could cause the ignition of the natural gas flowing through the subject product. Defendant Titeflex knew or should have known that the aforementioned design defect

could result in a fire that could damage surrounding real and personal property, and physically injure or kill people. Defendant Titeflex knew or should have known that there were alternative designs and alternative products that had an increased resistance to physical and electrical forces and which were much more appropriate for use as residential natural gas transmission systems. Defendant Titeflex was aware that the alternative design proposed in the second generation Gastite CSST would have reduced the above risks without substantially impairing the CSST's utility and which was economically and technologically feasible at the time the CSST that was installed in the Richmond Residence left Defendant Titeflex's control by the application of existing or reasonably achievable scientific knowledge.

18. *Marketing Defect* – Defendant Titeflex defectively marketed the first generation CSST product by advertising and representing that its product was a suitable replacement for black iron pipe when it lacked the resistance to foreseeable electrical forces, such as ground faults, that conventional black iron pipe has. Defendant Titeflex defectively marketed its first generation CSST product by failing to warn purchasers of its product that the product was vulnerable to failure when exposed to foreseeable electrical forces, such as fault currents, and that there was a substantial risk of fire or similar peril presented by the normal use of its first generation CSST product. Defendant Titeflex knew or should have known that there was an unreasonable risk of harm in the intended and reasonably foreseeable use of its first generation CSST product. Defendant Titeflex knew, foresaw, or should have known and foreseen the above risk. Nevertheless, Defendant Titeflex failed to adequately warn Plaintiff of the above risk, failed to adequately instruct Plaintiff on how to avoid the above danger, and failed to issue a recall of the product.

19. *Unreasonably Dangerous* – The design and marketing defects, both individually and collectively, rendered Defendant Titeflex's first generation Gastite CSST unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary consumer with the knowledge common to the community as to its characteristics.

20. The above referenced defects, each or any of them, rendered Defendant Titeflex's first generation Gastite CSST unreasonably dangerous as designed and marketed considering the utility of the first generation CSST and the risks involved in its use.

21. The above referenced defects, each or any of them, were producing causes of Plaintiff's injuries and damages more particularly set forth above.

22. It was entirely foreseeable to Defendant Titeflex that electrical forces, such as those created by a lightning strike, could impose sufficient current on its first generation CSST product thereby causing a flashover which would puncture the CSST and start a fire.

23. The CSST made the basis of this claim was in this defective condition at the time it left the possession, custody or control of Defendant Titeflex.

24. Defendant Titeflex's first generation Gastite CSST reached Plaintiff without substantial change to the condition of the product.

25. The foregoing defects were a producing and/or proximate cause of the fire and Plaintiff's injuries and damages.

26. The Gastite CSST was not abused or altered in any way by Richmond from the condition in which it was manufactured and supplied by Defendant Titeflex.

27.     As a direct result of Defendant Titeflex's acts and/or omissions, the June 12, 2013 fire occurred resulting in damage to Richmond's property for which Plaintiff respectfully requests that this Court enter judgment in their favor and against Defendant Titeflex in an amount in excess of $500,000.00 together with interest and the costs of this action.

**B.    NEGLIGENCE**

28.     Plaintiff incorporates paragraphs 1 through 22 as though fully set forth herein.

29.     At all relevant times, Defendant Titeflex owed Richmond and Plaintiff a duty to use reasonable care in the design, development, production and marketing of the CSST product that was used in the Richmond Residence.

30.     Defendant Titeflex breached its aforesaid duty to Richmond in one or more of the following ways:

   a. Failing to properly develop the first generation Gastite CSST product with an adequate wall thickness such that the product would be able to tolerate exposure to foreseeable electrical forces, such as fault currents;

   b. Failing to adequately inspect and test the design and construction of its product to make sure that the product would be able to tolerate exposure to foreseeable electrical forces, such as fault currents, before distributing the product to the public;

   c. Carelessly and negligently advertising its product as a suitable replacement for black iron pipe when it knew or should have known that the thin walls of the first generation CSST product, unlike its conventional black iron pipe counterpart, are vulnerable to failure when exposed foreseeable electrical forces, such as fault currents;

   d. Failing to warn Richmond of the substantial risk of fire or similar peril presented by the normal use of its product;

   e. Failing and/or omitting to do those things necessary to avoid an unreasonable risk of harm to Richmond's real and personal property;

   f. Failing to comply with all other applicable codes, regulations, guidelines, policies, procedures and/or industry customs and/or practices; and

    g.    Failing to issue a post-sale warning of the known deficiencies and dangers associated with its first generation Gastite CSST product upon learning of the deficiencies with its product.

31. As a direct and proximate result of the aforesaid negligent, careless and/or reckless acts and/or omissions, Richmond sustained damage to real and personal property in an amount in excess of $500,000.00, exclusive of interest and costs, for which Defendant Titeflex is legally liable.

## VII.
## JURY DEMAND

32. Plaintiff hereby demands a jury trial on all issues triable as of right by a jury and tenders its jury fee with this Petition.

## IX.
## RESERVATION OF RIGHTS

33. Plaintiff specifically reserves the right to bring additional causes of action against Defendants, to seek additional damages from Defendants and to amend this Petition as necessary.

## X.
## LIBERTY'S SUBROGATION RIGHTS

34. Liberty insured, among other things, the property and contents under the homeowner's insurance policy.

35. After the fire, Richmond submitted a first-party claim to Liberty. The claim has not been fully adjusted. As of the date of this filing, Liberty has paid an amount in excess of the Court's minimum jurisdictional limits to settle the first-party claim. By virtue of the terms of its policy, Liberty is contractually subrogated to the rights of its insured, Richmond. Moreover,

Liberty is equitably subrogated to the rights of Richmond by operation of payments it made under its contract.

## XI.
## RULE 194 REQUESTS FOR DISCLOSURE

36. Defendants are requested, within fifty (50) days of service of this petition, to provide the information or materials listed in Rule 194.2 and 190.2(b)(6) of the Texas Rules of Civil Procedure.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Liberty Insurance Corporation, as subrogee of Curt and Julia Richmond, prays that Defendant Titeflex Corporation be cited to appear and answer herein and that, upon a final hearing, the Court enter judgment against Defendant in favor of Plaintiff Liberty Insurance Corporation, as subrogee of Curt and Julia Richmond, for a sum in excess of the jurisdictional limits of this Court, with prejudgment interest at the legal rate, post-judgment interest at the legal rate, court costs, attorneys' fees, and for such other and further relief, both at law and in equity, to which Plaintiff may show itself to be justly entitled.

COZEN O'CONNOR

BY:   MARCOS HAZAN-COHEN
State Bar No. 24012807
1717 Main Street, Suite 3400
Dallas TX  75201
(214) 462-3000 (Telephone)
(214) 462-3299 (Facsimile)
mhcohen@cozen.com
**ATTORNEYS FOR PLAINTIFFS**